IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MATTHEW THOMAS LESTER, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13-CV-443-JED-PJC<br>)<br>) |
| MINNESOTA LIFE INSURANCE COMPANY, | )<br>)<br>) |
| Defendant. | )<br>) |

## OPINION AND ORDER

The Court has for its consideration the Motion to Dismiss (Doc. 10) filed by the defendant, Minnesota Life Insurance Company ("Minnesota Life"). Plaintiff did not file a response.

**I.  Background**

Plaintiff brings this action, acting pro se. The following facts are set forth in or attached to plaintiff's initial filing, which initiated this action and is styled "Petition for Bad faith, Fraud, Deceit, Emotional Distress, And to Realize Money Owed." [1] In September 2009, Dr. Stephen Lester died tragically in the crash of a plane he was operating. (Doc. 1). Before his death, in December, 2006, he obtained a life insurance policy with a face amount of $5,000,000 issued by Minnesota Life. (*Id.* at 13). The policy reportedly contained an aviation exclusion rider that would limit Minnesota Life's liability under the policy to the greater of total premiums paid or the insurance reserve at the time of Dr. Lester's death, if the death occurred while he was

---

[1] Without converting a Rule 12(b)(6) motion to summary judgment, a district court "may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2000); *Alvarado v. KOB-TV*, 493 F.3d 1210, 1215 (10th Cir. 2007).

piloting or operating an aircraft.  (*Id.* at 3, 10).  The beneficiary under the policy is the Lester Family Irrevocable Trust ("Family Trust"), which submitted a claim on the policy and received payment, in April 2010, under the policy aviation rider.  (*Id.* at 10; *see also* Doc. 10-3 at 2).  The Trustee of the Family Trust (who was also the Personal Representative of Dr. Lester's estate) thoroughly evaluated the issues and "determined that there was no viable claim on behalf of the [Family Trust or Dr. Lester's Estate] . . . or any other potentially related person or entity" beyond what was paid under the policy.  (Doc. 1 at 3).  However, plaintiff, Matthew Thomas Lester (who is Dr. Lester's son and a beneficiary of the Family Trust), "wishe[d] to pursue a claim against Minnesota Life," and effective December 18, 2012, the Family Trust assigned to plaintiff "all rights, title and interest in the [Family Trust and Dr. Lester's estate] as to any claim against Minnesota Life, whether it has legal merit or not." (*Id.* at 3).

Plaintiff filed this action on July 22, 2013.  He asserts fraud and bad faith claims based on Minnesota Life's application of the aviation rider, which plaintiff asserts is "null and void" and "not a valid Rider."  (Doc. 1 at 2).  Plaintiff also asserts claims for duress and emotional distress he suffered as a result of the alleged "fraud selling false security to ones [sic] life."  (*Id.*).  He further claims entitlement to the full amount of the policy face amount.  Defendant moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

**II.   Dismissal Standards**

In considering a Rule 12(b)(6) dismissal motion, a court must determine whether the plaintiff has stated a claim upon which relief may be granted.  *See* Fed. R. Civ. P. 12(b)(6).  The Federal Rules of Civil Procedure require "a short and plain statement of the claim to show that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  A complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action."  *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The standard does "not require a heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face," and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id*. at 555-56, 570 (citations omitted).  "Asking for plausible grounds . . . does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim].  And, of course, a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id*. at 556.  "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id*. at 562.

*Twombly* articulated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009).  For the purpose of making the dismissal determination, a court must accept all the well-pleaded factual allegations of the complaint as true, even if doubtful, and must construe the allegations in the light most favorable to claimant. *See Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C*., 493 F.3d 1210, 1215 (10th Cir. 2007).

Pro se pleadings must be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers. *See Haines v.. Kerner,* 404 U.S. 519, 520 (1972); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).  Nevertheless, a district court should not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  *Hall v. Bellmon,* 935 F.2d 1106, 1110 (10th Cir.1991); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009) ("rule of liberal construction [of pro se filings] stops, however, at the point at which we begin to serve as his advocate."); *Garret v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) ("The court cannot take on the

3

responsibility of serving as the litigant's attorney in constructing arguments and searching the record."). Moreover, even pro se plaintiffs are required to comply with the "fundamental requirements of the Federal Rules of Civil and Appellate Procedure" and substantive law, and the liberal construction to be afforded does not transform "vague and conclusory arguments" into valid claims for relief. *Ogden v. San Juan County,* 32 F.3d 452, 455 (10th Cir.1994); *see also McNeil v. United States*, 508 U.S. 106, 113 (1993). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-1174 (10th Cir.1997).

Dismissal of a claim, with prejudice, is appropriate where the claim is barred by a statute of limitations. *See, e.g., Gee v. Pacheco*, 627 F.3d 1178, 1181, 1193 (10th Cir. 2010) (affirming dismissal with prejudice of claims based on allegations showing claims were barred by statute of limitations).

### III.    Discussion

The dismissal motion was filed on September 4, 2013. Response was due to be filed by September 25, 2013, but plaintiff did not file any response. Under LCvR 7.2(f), the Court may deem an unopposed dispositive motion confessed if the nonmoving party does not file a response in opposition and the response is more than 14 days overdue. *See* N.D. Okla. LCvR 7.2(f); *Warzynski v. Vital Recovery Servs., Inc.*, No. 09-CV-557-CVE, 2009 WL 5065687 (N.D. Okla. Dec. 16, 2009); *Carney v. Peters*, No. 08-CV-154-GKF, 2008 WL 4446997 (N.D. Okla. Sept. 26, 2008). On this basis alone, the dismissal motion is deemed confessed. The Court has also independently reviewed the motion to dismiss and determined that it should be granted.

Plaintiff's pleading fails to state any claim upon which relief can be granted. Plaintiff was not a party to, nor a direct beneficiary of, the life insurance policy at issue, but he claims the

right to assert his claims herein based upon the assignment of any claim from the Family Trust. Plaintiff may not maintain his alleged tort claims (for fraud, bad faith, emotional distress or duress) based upon the assignment, because Oklahoma law prohibits the assignment of tort claims. *Okla. Stat.* tit. 12, § 2017(D).

Even if the tort claims were assignable to plaintiff, they would be time-barred under the two year statute of limitations applicable to such tort claims. *See Okla. Stat.* tit. 12, § 95(A)(3) (two year limitations period governs claims for tortious injuries and fraud); *Trinity Baptist Church v. GuideOne Elite Ins. Co.*, 654 F. Supp. 2d 1316, 1317, 1325-26 (W.D. Okla. 2009) (claim of insurer's bad faith is governed by two year statute of limitations and begins to run when the insurer breached the duty to deal fairly and in good faith); *Williams v. Lee Way Motor Freight, Inc.*, 688 P.2d 1294, 1298 (Okla. 1984) (intentional infliction of emotional distress governed by two year limitations). Dr. Lester died in September 2009, and the Family Trust, which was the named beneficiary under the policy and the assignor to plaintiff, accepted payment under the policy in April 2010, but plaintiff did not file this action until well over two years later, on July 22, 2013.

For the reasons set forth in the dismissal motion, the Court also determines that, even were the tort claims timely asserted, plaintiff's pleading does not plead facts sufficient to state a plausible tort claim against Minnesota Life. (*See* Doc. 10 at 6-7). Plaintiff has not alleged facts that satisfy the most basic elements of his purported claims for fraud, bad faith, or intentional infliction of emotional distress.

It is unclear whether plaintiff intends to assert a breach of contract claim. However, plaintiff alleges that the aviation rider is nonexistent, "null and void" or "not valid," and purports to assert a claim to "realize money owed." (Doc. 10 at 2). The Minnesota statute upon which

5

plaintiff relies to render the aviation rider invalid or "null and void" expressly provides that "[p]olicies issued by life insurance companies organized under the laws of this state for delivery in any other state . . . may contain any provisions limiting the amount to be paid in the event of death which are permitted by the laws of such other state. . . ." *Minn. Stat.* § 61A.06.  As the life insurance policy was issued for delivery in Oklahoma, plaintiff would have to plead that the rider is not permitted under Oklahoma law.  Plaintiff has not identified any prohibition of such a rider in Oklahoma law, and plaintiff's allegations do not state the necessary elements of a breach of contract claim.  It is unclear whether or not plaintiff can state any breach of contract claim.  That claim is dismissed without prejudice.

IT IS THEREFORE ORDERED that the Motion to Dismiss (Doc. 10) is **granted**.  The alleged tort claims are dismissed with prejudice for the reasons set forth above.  Any contract claim is dismissed without prejudice.  Any amendment must be filed within 14 days of the date of this Opinion and Order.

IT IS SO ORDERED this 14th day of January, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE